UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ETHEL HARVEY,                           )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )   No. 3:09-CV-523-RLJ-CCS
                                        )
AMERICA'S COLLECTIBLES NETWORK, INC.,)
d/b/a JEWELRY TELEVISION,               )
                                        )
        Defendants.                     )
                                        )

# REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the presiding District Judge [Doc. 60].

Now before the Court is a Motion for Sanctions Under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 [Doc. 59], filed by the Plaintiff. This motion is now ripe for adjudication.[1] For the reasons stated herein, the undersigned will **RECOMMEND** that the motion be **DENIED**.

## I.    BACKGROUND

In her complaint, Plaintiff alleged violations of several federal statutes and state statutes including the Americans with Disabilities Amendment Act ("ADA"), 42 USC §12101 *et seq*. Plaintiff also asserted retaliatory discharge claims and Tennessee common law claims. On January 20, 2011, the Court entered an Order [Doc. 50], granting the Defendant's Motion for Summary Judgment. On February 23, 2012, the Court of Appeals for the Sixth Circuit entered an Order [Doc. 51], affirming the granting of summary judgment in favor of the Defendant.

---

[1] On June 6, 2012, the Clerk of Court's office inadvertently, administratively terminated the Motion for Sanctions pursuant to the filing of a Notice of Withdrawal filed by the Defendant, thus delaying, the adjudication of this issue.

On March 26, 2012, the Defendant filed a Motion for Attorney Fees and Expenses [Doc. 54], in which it moved the Court to award it fees and expenses as the prevailing party pursuant to the ADA. Defendant also filled a Bill of Costs. The Plaintiff filed a response in opposition to the request and Bill of Costs. [Doc. 55]. The Plaintiff argued that the Defendant's request for fees and expenses was time-barred because it was not filed within thirty (30) days of the Judgment entered by the Court on January 20, 2011. Additionally, Plaintiff argued that the request for fees and expenses was inconsistent with fundamental notions of fairness.

On May 8, 2012, the Plaintiff filed the instant Motion for Sanctions. In the Motion for Sanctions, Plaintiff moves the Court to award sanctions against the Defendant based upon the filing of the Motion for Attorney Fees and Expenses [Doc. 54]. Again, Plaintiff argues that the request for fees and expenses was time-barred and fundamentally unfair. On May 31, 2012, Defendant filed a timely response in opposition to the Motion for Sanctions [Doc. 63], in which it maintains that the Motion for Sanctions must be denied based upon a lack of proper service. On June 6, 2012, the Defendant filed a Notice of Withdrawal of Motion for Attorney Fees and Expenses and Bill of Costs [Doc. 64]. On June 8, 2012, Plaintiff filed a final reply in support of her requests for sanctions. [Doc. 65]. Plaintiff argues that, despite the withdrawal of the Motion for Attorney Fees and Expenses, an award of sanctions is appropriate.

## II.     POSITIONS OF THE PARTIES

The Plaintiff moves the Court to award sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, based upon the signature of Defendant's counsel on Defendant's Bill of Costs and Motion for Attorney Fees and Expenses. The Plaintiff does not specify the monetary amount of the sanctions sought in her motion, though in an affidavit

accompanying her motion, Plaintiff requests $4,375.00.[2] In support of her request for sanctions, Plaintiff submits that, given the skill and knowledge of Defendant's attorney, "one can only presume [that] the requests are presented for an improper purpose within the meaning of Rule 11(b)(1) and/or the claims and other legal contentions are unwarranted and frivolous within the meaning of Rule 11(b)(2), or both." [Doc. 59 at 1]. In addition, Plaintiff argues that Defendant's counsel should be sanctioned pursuant to § 1927, because Defendant's counsel "unreasonably and vexatiously" multiplied these proceedings.

Plaintiff contends that the Motion for Sanctions was properly served pursuant to United States Mail. [Doc. 65]. Plaintiff argues that even assuming *arguendo* that Defendant's counsel did not receive a copy of the motion pursuant to the United States Mail, he still received a copy via facsimile and email. [Id.; Doc. 66]. Plaintiff maintains that her motion was properly served and that Defendant and its counsel cannot avail themselves of the safe-harbor provision of Rule 11 of the Federal Rules of Civil Procedure.

Defendant responds that Plaintiff's Motion for Sanctions is procedurally defective. Defendant concedes that defense counsel received a copy of the motion pursuant to email and fax, but Defendant maintains that Plaintiff did not serve a copy of the motion or accompanying letter by regular mail as required by Rule 5 of the Federal Rules of Civil Procedure. [Doc. 63 at 2]. The Defendant argues that the safe-harbor provision of Rule 11 had not expired at the time that it withdrew its Motion for Attorney Fees and Expenses and its Bill of Costs. Defendant maintains that the Motion for Sanctions should be denied as untimely and improper.

---

[2] Plaintiff is inconsistent in her prayer for relief. Initially, she states that her counsel estimates that responding to the Defendant's filings will require counsel to expend 20-25 hours at the hourly rate that Defendant requested to receive. [Doc. 59 at 5]. Later in her motion, Plaintiff states that her counsel estimates that responding to the Defendant's filings will require counsel to expend 15-20 hours at the hourly rate that Defendant requested to receive. [Id. at 9]. Then in the affidavit attached to the Motion for Sanctions, Plaintiff's counsel submits that Plaintiff seeks compensation for 17.5 hours. [Doc. 59-1 at 3].

3

### III. ANALYSIS

The Court will address the issues raised by the parties' filings in turn.

#### A. *Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure*

The Court finds that the Plaintiff's request for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure is not well-taken. In pertinent part, Rule 11 provides that, by presenting a motion, an attorney certifies that, to the best of their knowledge, information, and believe, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b).

Where a motion or other filing may violate this standard, Rule 11 provides a safe-harbor provision. It states, "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

"If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). Such a sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

"In this Circuit, the test for whether Rule 11 sanctions are warranted is whether the conduct for which sanctions are sought was 'reasonable under the circumstances.'" Salkil v.

4

Mount Sterling Twp. Police Dep't, 458 F.3d 520, 528 (6th Cir. 2006) (quoting Ridder v. City of Springfield, 109 F.3d 288 (6th Cir. 1997)).

In the instant case, the Court cannot say that the Defendant's filing of the Motion for Attorney Fees and Expenses was unreasonable or unwarranted under current law, see Fed. R. Civ. P. 11(b)(2). In the Court's experience, practitioners, even those with a good deal of experience, will inadvertently file motions or pleadings out of time. Certainly, tardy filings may be time-barred, but to the Court's recollection such filings have not been cited as a basis for awarding Rule 11 sanctions. The Plaintiff has failed to cite the Court to any cases within this District where the tardy filing of either a pre-judgment or post-judgment motion *alone* was found to be a basis for awarding Rule 11 sanctions. Moreover, in this instance, the Defendant filed its Motion for Attorney Fees and Expenses within thirty days of the Clerk of Court docketing the decision of the Court of Appeals in the docket for this case. The filing was tardy, but the Court cannot say that it was unreasonable or unwarranted under existing law, see Fed. R. Civ. P. 11(b)(2). In sum, the Court finds that the Plaintiff has not demonstrated that the Defendant or its counsel violated Fed. R. Civ. P. 11(b)(2).

Similarly, the Court finds that the Plaintiff has failed to demonstrate that the Motion for Attorney Fees and Expenses was presented "for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). The Plaintiff's position that the award of fees and expenses would be unjust or unfair is just that: the Plaintiff's position. In a case where the District Judge found that the Defendant was entitled to summary judgment and the Court of Appeals upheld that judgment in all respects, the Court cannot say that the Defendant moving for fees and expenses under the applicable statutory provision is meant to harass, cause unnecessary delay, or increase costs. The fact that the Court

5

may find the request to be inequitable or not well-taken does not support a finding that the request was presented for an "improper purpose." In sum, the Court finds that the Plaintiff has not demonstrated that the Defendant or its counsel violated Fed. R. Civ. P. 11(b)(1).

In making these findings, the Court has considered the Plaintiffs' suggestion that, given the experience of Defendant's attorney, "one can only presume [that] the requests are presented for an improper purpose within the meaning of Rule 11(b)(1) and/or the claims and other legal contentions are unwarranted and frivolous within the meaning of Rule 11(b)(2), or both." [Id. at 1]. First, given the gravity of Rule 11 sanctions, the Court will not *presume* any aspect of the relevant considerations. Second, the Court would point out that even Plaintiff's counsel, who is also a seasoned federal litigator, has, at times, been guilty of carelessness in the present filings – *i.e.* the inconsistency in counsel's estimation of the hours expended on this matter, see footnote 1; perhaps more importantly, Plaintiff's counsel's inconsistent statements about the date on which the motion was served on Defendant's counsel, contra April 3, 2012, [Doc. 59 at 2], with April 12, 2012, [Doc. 65 at 2]; and Plaintiff's counsel's representation that the instant motion was submitted to the Court on April 11, 2010, rather than May 8, 2012, [Doc. 59 at 9]. Having considered the totality of the circumstances, the Court cannot conclude that the conduct for which sanctions are sought was reasonable under the circumstances. See Salkil, 458 F.3d at 528.

Given the findings above, the undersigned need not address the safe-harbor provision and the service issues briefed by the parties. However, in the alternative, the Court finds that the Plaintiff has not demonstrated that the Defendant's withdrawal of its Motion and Bill of Costs falls outside of the safe-harbor provision. As noted above, the Court finds that the Plaintiff has been inconsistent in her representations regarding the date on which service was accomplished. [See Doc. 59 at 2; Doc. 65 at 2]. The Court is not prepared, on the record before it, to find that

6

service was accomplished under Rule 5 so as to preclude the Defendant's withdrawal of its filings on June 6, 2012, from the safe-harbor provision.

Based upon the foregoing, the Court finds that the Plaintiff's request that sanctions be awarded pursuant to Rule 11 of the Federal Rules of Civil Procedure is not well-taken.

### B.     *Sanctions Pursuant to 28 U.S.C. § 1927*

The Court also finds that the Plaintiff's request for an award of sanctions pursuant to 28 U.S.C. § 1927 is not well-taken.

Section 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Such sanctions are appropriate when an attorney has acted in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice, pursued a claim that is without a plausible legal or factual basis and lacking in justification, or pursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound. See Jolly Group, Ltd. v. Medline Industries, Inc., 435 F.3d 717 (7th Cir. 2006).

For the reasons more fully stated above, the Court is not prepared to find that Defendant or Defendant's counsel engaged in a serious disregard for the orderly process of justice or pursued an unsound path in presenting Defendant's filings to the Court. The Defendant's filing of an untimely request for fees, expenses, and costs in this case cannot support such a finding. Accordingly, the Court finds that the Plaintiff's request that sanctions be awarded pursuant to 28 U.S.C. § 1927 is not well-taken.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that the Plaintiff's Motion for Sanctions Under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 **[Doc. 59]** is not well-taken. Accordingly, the undersigned **RECOMMENDS**[3] that it be **DENIED**.

Respectfully Submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).